UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBALDO BOJORQUEZ-CARO,<br><br>  Defendant-Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Case No. 12-cv-2638-W<br>        08-cr-3698-W<br><br>**ORDER DENYING DEFENDANT-PETITIONER'S MOTION TO VACATE UNDER 28 U.S.C. § 2255 [DOC. 60]** |

Pending before the Court is Petitioner Ubaldo Bojorquez-Caro's motion for habeas corpus relief under 28 U.S.C. § 2255. Petitioner is proceeding *pro se*. Respondent United States of America ("Government") opposes. (Doc. 64.) Petitioner did not file a reply to the Government's opposition. The Court decides the matter on the papers submitted and without oral argument. See Civil L.R. 7.1(d.1).

//

//

The Court has reviewed the petition, the Government's opposition, and the relevant records on the docket. The record establishes that on February 3, 2010, Petitioner signed a Sentencing Agreement waiving "any right to appeal or to collaterally attack the conviction and sentence" in exchange for certain Government concessions. (Sentencing Agreement ¶ H.) Petitioner does not raise any challenge to the validity of that waiver. Additionally, having reviewed the sentencing agreement and transcript, the Court finds that Petitioner knowingly and voluntarily waived his right to appeal and collaterally attack his conviction and sentence. (See id. ¶ J.) Consequently, this Court lacks jurisdiction to consider any collateral challenge to his conviction and sentence.[1] See United States v. Harris, 628 F.3d 1203, 1205 (9th Cir. 2011) (recognizing that a court will not exercise jurisdiction to review the merits of an appeal if the court concludes that the defendant knowingly and voluntarily waived the right to bring the appeal).

In light of the foregoing, the Court **DENIES** Petitioner's motion for habeas corpus relief under 28 U.S.C. § 2255. (Doc. 60.)

**IT IS SO ORDERED.**

**DATE: November 25, 2013**

_____
HON. THOMAS J. WHELAN
United States District Court
Southern District of California

---

[1] The Government also argues that Petitioner's motion lacks merit and is time-barred pursuant to the one-year statute of limitations of 28 U.S.C. § 2255. Because the Court finds Petitioner validly waived his statutory right to collaterally attack his conviction and sentence under the Sentencing Agreement and that it lacks jurisdiction to consider any collateral challenge, the Court need not address the Government's alternative arguments. See Washington v. Lampert, 422 F.3d 864, 869 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of the right to file a federal habeas petition was valid, district court lacked jurisdiction to hear the case); see also Blanco v. United States, No. 07-CR-3151, 2009 WL 1117850, at *1 (S.D. Cal. Apr. 24, 2009) (Lorenz, J.).